USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/22/2023

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

RSS CSMC2021 – ADV – DE AUR, LLC, a Delaware
limited liability company,

                Plaintiff,

vs.

ADVENTUS US REALTY #4 LP, a Delaware limited
partnership; ADVENTUS US REALTY #5 LP, a
Delaware limited partnership; ADVENTUS US
REALTY #6 LP, a Delaware limited partnership;
ADVENTUS US REALTY #8 LP, a Delaware limited
partnership; ADVENTUS US REALTY #11 LP, a
Delaware limited partnership; ADVENTUS US
REALTY #13 LP, a Delaware limited partnership;
ADVENTUS AOF #1 LP, a Delaware limited
partnership; ADVENTUS AOF #2 LP, a Delaware
limited partnership; and ADVENTUS  HOLDINGS LP,
a Delaware limited partnership,

                Defendants.

Civil Case No. 1:23-cv-08231

<u>**ORDER APPOINTING RECEIVER**</u>

      THIS MATTER is before the Court upon *Plaintiff's Order to Show Cause for Appointment
of Receiver* (the "<u>Motion</u>") seeking the appointment of a receiver to take possession and control of
the real and associated personal property, including all of the collateral that secures the obligations
due to Plaintiff RSS CSMC2021-ADV-DE AUR, LLC (the "<u>Plaintiff</u>" or "<u>Lender</u>"),[1] under the
Loan Agreement, Note, Mortgages, and other Loan Documents, all as identified and defined in the

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to
them in the Complaint.

Complaint (the "Complaint") filed by Plaintiff, including, without limitation, the Real Property located in (a) the Northern District of Illinois (i)  1420 and 1520 Kensington Road, Oak Brook, Illinois commonly known as The Crossings at Oak Brook; (ii) 28100 Torch Parkway, Warrenville, Illinois commonly known as Cantera Meadows; (iii) 5600 N. River Road, Rosemont, Illinois commonly known as Columbia Centre I; and (iv) 9450 W. Bryn Mawr, Rosemont, Illinois commonly known as Columbia Centre II, and (b) the Northern District of Georgia:  (i) 1701-1825 Barrett Lakes Boulevard, Kennesaw, Georgia and 1940 Lodge Road, Kennesaw, Georgia, commonly known as Barrett Lakes; (ii) 1000 Parkwood Circle, Atlanta, Georgia;  (iii) 125, 175, 225, 500 Town Park Drive, Kennesaw, Georgia commonly known as Town Park Commons; (iv) 1600 Parkwood Circle, Atlanta, Georgia;  (v) 30000 Mill Creek Avenue, Alpharetta, Georgia and 11175 Cicero Drive, Alpharetta, Georgia commonly known as Milton Park (collectively, the "Real Property"), as well as all improvements, leases, equipment, fixtures, personal property, rent, intellectual property and trade names associated therewith, and all other collateral of Plaintiff other than funds in cash management, escrow, or reserve accounts in the possession or controlled by Plaintiff (collectively, the "Receivership Estate").

Upon review of the Motion, the pleadings and papers submitted in support thereof, the other pleadings and papers on file in this case, having carefully considered the entire record herein, [having noted that Borrowers consent to the entry of this Order and the requested relief set forth herein,] and good cause appearing therefor, the Court FINDS as follows:

The Court makes the following findings in support of this Order:

1.      As set forth in the Loan Documents, the parties stipulated to jurisdiction and venue in the State of New York and the Court has proper jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  Each Defendant was duly served with a copy of the Motion.

2.      Federal law governs the issue of whether a federal court should appoint a receiver. *See e.g., Varsames v. Palazzolo*, 96 F.Supp.2d 361, 365 (S.D.N.Y. 2000). The Real Property at issue in this action is located in the Northern District of Illinois and Northern District of Georgia and, pursuant to federal law, this Court has the authority to appoint a receiver over the Real Property, which is located in multiple districts. *See* Fed. R. Civ. P. 66; 28 U.S.C. § 754 (providing for the ability of federal receivers to take control of property in different districts) and 28 U.S.C. § 1692 (providing the ability of federal receivers appointed in one district to serve and execute process in any district in which the property at issue is located).

3.      The Motion sufficiently alleges that (i) Borrowers defaulted under the Note, Mortgages, and Loan Documents; (ii) Borrowers have failed or refused to pay critical life safety expenses, utilities, security, and other necessary operating expenses for the Real Property; and (iii) that immediate and irreparable injury may result in the event a receiver is not appointed.

4.      Good cause exists for the appointment of a receiver in order to preserve and protect the Receivership Estate as there is imminent danger of the Real Property being injured or diminished in value, and the probability that harm to Plaintiff by denial of the appointment would be greater than the injury to the Borrowers.

5.      The proposed receiver, Matthew D. Mason, is a Managing Director of Riveron RTS, LLC ("Riveron") and is not a party, attorney, or person interested in this action.  Mr. Mason and Riveron are qualified to serve as receiver in this matter.

Based on the foregoing FINDINGs, the Court therefore grants the relief requested in the Motion.  It is therefore **ORDERED, ADJUDGED AND DECREED** that:

**A.  <u>Appointment of Receiver</u>**

1.      Matthew D. Mason of Riveron (the "<u>Receiver</u>") is appointed receiver herein with respect to the Receivership Estate, with all of the powers and duties set forth in 28 U.S.C. § 3103 and as additionally set forth herein. The Receiver shall provide a bond in the amount of $100,000 as security for the due and proper performance of his duties as Receiver.

2.      No member, partner, or shareholder of the Receiver, or any entity related thereto, shall be affiliated with any Defendant or Plaintiff; and no Defendant or Plaintiff shall be a member, partner or shareholder of the Receiver.

**B.  <u>The Receiver's Powers</u>**

1.      Pursuant to 28 U.SC. § 3103(b)(1), the Receiver has the Power to (A) take possession of, hold, secure, take charge of, preserve and protect the Receivership Estate, and sue for, collect, and sell obligations upon such conditions and for such purposes as directed by this Court; and (B) administer, collect, improve, lease, repair or sell the property of the Receivership Estate.

2.      The Receiver is vested with all of the powers and duties that are conferred upon property receivers by law or by the usages and customs of equity, and shall perform his duties under the supervision of the Court. By this Order, in addition to the powers afforded by 28 U.SC. § 3103, the Receiver shall have the power, and is authorized and directed, to in his sole discretion and immediately upon entry of this Order:

     i.      Take and have possession, custody, control, management, operation and charge of the Receivership Estate and any rents, income, issues and profits arising therefrom, provided however, all funds in any account maintained by the Receiver pursuant to this Order shall remain collateral for the Loan pursuant to the Loan Documents;

    ii.      Operate any businesses deriving from the Receivership Estate, including, without limitation, preservation, use, sale, lease, license, exchange,

collection, or disposition of the Receivership Estate in the ordinary course of business; provided, however that written consent of Plaintiff shall be required prior to the sale or disposition of any portion of the Receivership Estate valued in excess of $50,000 or for any lease of Real Property; provided, further that the Plaintiff may subsequently provide written consent to the Receiver waiving such requirement;

iii.     Continue the management, operation, and maintenance of the Real Property and to exercise all powers necessary to facilitate the operation of the Premises;

iv.     Delegate some or all of his authority under this Order to (and to engage and compensate) one or more property management firms, including, without limitation, the firms currently managing each property comprising the Real Property, subject to Plaintiff's approval.  Subject to Plaintiff's approval, Receiver shall have the right to terminate such delegation to or the engagement of the current property management firms or any other property management firms it engages. Receiver shall be empowered to enforce any rights and remedies against any such property management firms, at law or in equity, either in its own name or as though the Receiver were standing in the place of Borrowers;

v.      Expend funds to purchase merchandise, materials, supplies and services as the Receiver deems necessary and advisable to assist him in performing his duties hereunder and to pay such expenses at the ordinary and usual rates and prices out of the funds that may come into the Receiver's possession, in an amount not to exceed a $25,000.00 line item variance in the Receiver's budget, absent the express written consent of Plaintiff, except to the extent an emergency arises, or further order of this Court;

vi.     Secure tenants and execute leases for the Real Property;

vii.    Apply receipts to payment of ordinary operating expenses, including rents and other expenses of management;

viii.   Establish or maintain one or more bank accounts in the Receiver's name for his operations as Receiver in this matter at any federally insured bank with offices in New York, Illinois, or Georgia as reasonably needed to conduct rental operations and other matters on behalf of the Borrowers. The Receiver shall keep a true and accurate account of any and all receipts and disbursements;

ix.     In the ordinary course of business, incur unsecured debt and pay expenses incidental to the Receiver's preservation, use, sale, lease, license, exchange, collection, or disposition of the Receivership Estate;

x.     Use or transfer Receivership Estate property, other than in the ordinary course of business, with the Plaintiff's consent, but without the Borrowers' consent;

xi.     Construct tenant improvements and/or make any repairs to the Receivership Estate that the Receiver, in his discretion deems necessary or appropriate, in an amount not to exceed a $25,000.00 line item variance in the Receiver's budget, absent the express written consent of Plaintiff or further order of this Court; provided, however, that Plaintiff's consent shall not be necessary if an emergency arises;

xii.     Incur debt for the use or benefit of Receivership Estate property other than in the ordinary course of business;

xiii.     Maintain the existing casualty and liability insurance required in accordance with the Mortgages or applicable to the Receivership Estate;

xiv.     Carry additional casualty and liability insurance as is reasonably available and reasonable as to amounts and risks covered;

xv.     Pay taxes, which may have been or may be levied against the Real Property;

xvi.     Engage professionals including, but not limited to, attorneys, accountants, appraisers, auctioneers, property managers, leasing agents, brokers, or other professional persons, including other Riveron personnel, to assist in the performance of the Receiver's duties;

xvii.     Assert a right, claim, cause of action, or defense of the Borrowers against any party other than Plaintiff, which relates to the Receivership Estate, except for any existing or future claims covered in whole or in part by Borrowers' insurance policies and defended by Borrowers' insurance carrier or third party administrator;

xviii.     Upon subpoena, compel a person to submit to examination under oath, or to produce and permit inspection and copying of designated records or tangible things, with respect to the Receivership Estate or any other matter that may affect administration of the Receivership Estate;

xix.     Seek and obtain instruction from the Court concerning the Receivership Estate, the exercise of the Receiver's powers, and the performance of the Receiver's duties;

xx.     Hold receipts as reserves as reasonably required to carry out the Receiver's duties as set forth in this Order;

xxi.     Adopt or reject an executory contract of the owner (such as any existing management agreement, any real estate listing, brokerage, sales or leasing agent agreement or any other obligation contract or agreement), which shall not be binding on the Receiver or the Receivership Estate, provided that Plaintiff's prior written approval, shall be required to reject all preexisting contracts and leases, renew or modify existing contracts and enter into new contracts in the name of the applicable Defendant;

xxii.    Recommend allowance or disallowance of a claim of a creditor;

xxiii.   Exercise any power conferred by further order of this Court.

3.      The Receiver is authorized to institute and prosecute all proceedings and actions at law, or in equity as may in his judgment be reasonably necessary for the proper maintenance, management, operation, leasing, and protection of the Receivership Estate, including actions to recover rents, revenue, profits and other income due with respect to the Receivership Estate; provided, however that the Receiver shall consult with and obtain written approval of Plaintiff; provided further, however, that Plaintiff's prior approval shall not be necessary if an emergency arises, but approval should be obtained as soon as circumstances permit.

4.      The Receiver, in consultation with and upon approval of Plaintiff, is authorized to undertake any and all necessary action to file a real property tax valuation complaint with respect to the Receivership Estate and prosecute any appeal thereof and retain necessary counsel in seeking a reduction of the current tax assessment and valuation of the Receivership Estate. Borrowers are directed to provide necessary assistance and consent (including, but not limited to, execution of any documentation deemed appropriate or required by the Receiver from the Borrowers) to facilitate or enable prosecution of matters seeking a reduction in the applicable property tax for the Receivership Estate. Receiver is entitled to obtain and hold any tax refunds received from existing tax appeals, pending further order of the Court.

5.    The Receiver is authorized to enter into, modify, or renew any lease or license agreement, including terminating burdensome leases, repair, or maintenance agreements with respect to the Receivership Estate, for any space located therein, on such terms or conditions, as the Receiver deems appropriate.  The Receiver is authorized to employ and compensate one or more leasing agents for the Real Property, including, without limitation, any leasing agents presently employed by one or more of the Borrowers.

6.    The Receiver is authorized and empowered to receive and collect all money now or hereafter owing to the Borrowers with respect to the Receivership Estate, and to execute, assign, issue, and endorse any and all checks, bills of sale, contracts, bills of lading or exchange any other documents necessary or convenient for any purpose pursuant to this Order, and to enter into arrangements or compromise any claims; provided that if such arrangement or compromise involves an amount in excess of a $25,000.00 line item variance in the Receiver's budget, the same shall be subject to Plaintiff's approval; provided, however that Plaintiff's prior approval shall not be necessary if an emergency arises.

7.    The Receiver may offer employment to existing employees working for Borrowers or related parties (including any management companies engaged by Borrowers) at the Real Property to continue any business operations, or in the alternative hire all employees as those of any management company or other entity hired by Receiver. Borrowers or any management companies engaged by Borrowers (as appropriate) will be solely and exclusively responsible for (i) any claims or liabilities that arose prior to the appointment of Receiver that are in any way related to an employee's employment with or separation from Borrowers or any management companies engaged by Borrowers, including any compensation, benefits, accrued vacation, payroll taxes, workers compensation insurance, severance liabilities, contractual obligations, benefit

plans, and (ii) liabilities existing prior to Receiver's appointment related to the Worker Adjustment and Retraining Notification Act (WARN), 29 U.S.C. § 2101, et seq., and liabilities existing prior to Receiver's appointment related to the Consolidated Omnibus Budget Reconciliation Act (COBRA), or similar state statutes or regulations. Receiver and property management companies it engages shall be solely and exclusively responsible for any of the items identified in the preceding sentence that arise during the tenure of Receiver. All pre-receivership liabilities for which Borrowers and/or any management companies engaged by Borrowers bear responsibility will not be carried and reported as those of the receivership estate.

8.    The Receiver is authorized and directed to recover and collect any and all other property or sums of money comprising a portion of the collateral described in the Mortgages, whether the same are now due or shall hereafter become due and payable.

9.    After consultation with the Plaintiff, and after Court approval upon notice and hearing, the Receiver is authorized to take any other actions that the Receiver deems necessary to protect the Receivership Estate or perform his duties hereunder.

**C.  <u>The Receiver's Duties to the Court</u>**

1.    In exercising the powers afforded to the Receiver the Receiver is directed to:

    i.    Manage and conserve the assets of the Receivership Estate and demand, collect and receive the rents, issues and profits arising from the Receivership Estate due and becoming due during the term of this receivership, including all proceeds in the possession of the Borrowers, which are derived from the rents and profits generated by the Receivership Estate. The Receiver shall keep all monies received from the Receivership Estate separate from the monies received from any other source and shall not commingle any monies received from the Receivership Estate with any other monies collected by the Receiver; and

    ii.   Operate and manage the Receivership Estate, subject to the terms of this Order and further orders of the Court.

2.      Upon entry of this Order, the Receiver shall be responsible for the maintenance of adequate property and liability insurance respecting the Receivership Estate, utilizing the Borrowers' existing policies or securing new policies, for the entire term of the Receiver's appointment. The insurance policies, which the Receiver will maintain, shall provide all risk property insurance coverage and other coverages on the Receivership Estate and improvements thereon in such amounts as will adequately protect Plaintiff's security interest and the interests of the Receiver and other parties as their interests may appear, in amounts not less than as required in the Loan Documents with respect to the interests of Plaintiff and any other applicable security agreements, at the cost and expense of appropriate parties absent sufficient assets in the Receivership Estate. The Receiver shall be entitled to receive and hold any premium refunds from any existing insurance policies for the Receivership Estate to the extent that such refunded premiums were originally paid from the collateral of Plaintiff, subject to Plaintiff's security interest, with the disposition thereof subject to further order of the Court. Upon the Receiver securing new insurance policies, Borrowers shall have no obligation to maintain insurance for the Property.

**D.  The Receiver's Reporting Requirements**

3.      As the Receiver receives money from the Receivership Estate, the Receiver shall: (a) first, reimburse all reasonable costs and expenses incurred by the Receiver or the Receiver's delegates incurred in connection with continued management, operation and maintenance of the Receivership Estate, including fees or expenses incurred pursuant to all of the provisions articulated herein; (b) second, pay insurance premiums for the Real Property; (c) third, pay the reasonable management fees for managing the Real Property; (d) fourth, pay the Receiver its fees as approved by the Court; (e) fifth, pay expenses of the Receivership Estate authorized by the

Court; (f) sixth, Receiver shall retain in his possession working capital reasonably required by the Receiver for the operation of the Receivership Estate; and (g) seventh, remit to Plaintiff all excess cash in the Receiver's possession, if any, which Plaintiff shall apply towards payment of any advances made pursuant to the terms of this Order and the indebtedness that is the subject of the action.

4.      The Receiver shall keep written accounts itemizing receipts and expenditures, describing the property and naming the depository of the receivership funds. Within ninety (90) calendar days of appointment and every ninety (90) calendar days thereafter, the Receiver shall file with this Court and furnish to Plaintiff, a statement of receipts and disbursements incurred during the immediately preceding ninety (90) calendar days and describing the activities undertaken by the Receiver and providing an accounting of the monies received from the Receivership Estate and paid for managing, operating and maintaining the Receivership Estate. Such statement shall be in reasonable detail so that anyone reviewing the statement can determine the object of the disbursement and the source of the receipt, and shall be prepared in accordance with generally accepted accounting principles (GAAP) with cash basis reporting as appropriate or in a format otherwise acceptable to Plaintiff. Notwithstanding the foregoing, the Receiver shall provide monthly reports to the Plaintiff regarding the receipts and expenditures at the Receivership Estate.

5.      Notwithstanding any other provisions hereof, the Receiver shall be under no obligation to complete or file tax returns on behalf of the Borrowers (or any of them) for income or other taxes arising before the date of this Order.  The Receiver and the Receivership Estate shall not be liable for the payment of taxes of any kind, assessments, goods or services provided to Borrowers for the Receivership Estate prior to the date of this Order.

E.  **Retention and Compensation of Professionals; Potential Asset Sale:**

1.      The Receiver may engage a real estate broker to market the Receivership Estate property for sale.  Any sale, whether in the ordinary course of business, at public auction, by public tender, or private sale, or on such other terms or conditions as the Receiver deems appropriate, shall be free and clear of all liens, claims, encumbrances, and interests; all valid security interests, liens, claims, and other interests, if any, shall attach to the proceeds of such sale(s) and shall further be subject to approval of Plaintiff and of the Court. The Receiver shall be authorized to execute any documentation on behalf of the applicable Defendant as its attorney-in-fact to effectuate such sale(s).  In the event that the Receiver is authorized to sell the Real Property (or any portion thereof), the Receiver shall receive a disposition fee equal to 0.25% of the gross sales price in addition to any commission that may be payable to a real estate broker engaged by the Receiver or by any buyer.

2.      For services rendered, the Receiver shall be compensated at an hourly rate of $650 and his team shall be compensated at hourly rates ranging from $210 to $650, provided that the Receiver's compensation shall be a minimum monthly amount of $1,500 and a maximum monthly amount of $2,500 per property comprising the Real Property.

3.      In addition to the foregoing fee, the Receiver shall receive 0.50% of the leasehold value for new leases and 0.25% of leasehold value for lease renewals.  This shall be in addition to third-party brokerage fees payable to any leasing agent engaged by the Receiver or by any tenant.

4.      In order to assist the Receiver in fulfilling his obligations hereunder, the Receiver is authorized to hire, subject to this Court's approval, and after consultation with Plaintiff, agents, attorneys, consultants or employees to perform such services as the Receiver may deem advisable; provided, however, the Receiver may, without Court approval but with approval of Plaintiff,

employ such assistants, attorneys, property management and leasing agents, and employees or subcontractors as necessary for the continuance of leasing activities, preparation of leasing space, preparation of leases, prosecution of evictions, and as otherwise necessary for purposes of managing, operating and maintaining the Receivership Estate; provided further, however that Plaintiff's prior approval shall not be necessary if an emergency arises, but should be obtained as soon as circumstances permit.

5.      Subject to Court approval, the Receiver's agents, including any attorneys and any accountants that are appointed by the Court, shall be entitled to reasonable compensation for services rendered and reimbursement for expenses incurred, which are: (a) related to the Receiver's duties, rights, and obligations under this Order or any future orders of the Court and applicable law; (b) related to the administration, management, protection or, after any later obtained Court approval, liquidation, of the Receivership Estate; or (c) related to the defense or prosecution of any preceding claim or suit brought by or against the Receiver or by the Receiver against any person or entity. Such compensation of the Receiver and its agents, attorneys and accountants shall be paid consistent with the provisions of this Order and awarded from the Receivership Estate.

**F.   <u>Motions Filed by the Receiver</u>:**

Any motion by the Receiver for specific relief or for Court approval of any act of the Receiver that requires such approval (including the proposed sale of Receivership Estate property, for disposition of claims, lawsuits or proceedings, for modification of this Order, or requests for instructions) shall be served on counsel for Plaintiff, Borrowers, and any party affected by the proposed sale or disposition of claims, lawsuits or proceedings, and all other interested parties that have filed and served on the Receiver a request for such notice of service. Notice to Plaintiff and

other parties-in-interest shall be provided no more than one (1) business day after filing the motion or as otherwise provided by the Court.  Notice may be served by mail, express/overnight mail, personal service, facsimile, or electronic mail. The Receiver shall be deemed to have provided adequate notice if he complies with this paragraph and files a certificate of service.

**G. Limitations on Liability of Receiver and His Agents:**

1.    Neither the Receiver nor the Receivership Estate property shall have any liability for any obligation, duty, or expense that was incurred prior to the date of the Receiver's appointment as the Receiver over the Receivership Estate.

2.    The Receiver and all persons hired by the Receiver are entitled to rely upon all outstanding rules of law and orders of this Court, and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment or decree, including, without limitation, this Order. In no event shall the Receiver or persons hired by Receiver be liable to anyone for any loss or damage incurred by the Defendant or by the Receiver's officers, agents, or employees: (1) with respect to the performance of their duties and responsibilities as Receiver or persons hired by the Receiver; or (2) for any actions taken or omitted by them, except upon a finding by this Court that they engaged in an act of gross negligence or willful misconduct. Nothing in this provision is intended to provide a defense against liability for any actions taken by the Defendant or its directors, officers, agents, shareholders, affiliates, employees or other personnel prior to the appointment of the Receiver.

3.    This Court shall retain jurisdiction over any action filed against the Receiver or his agents based upon acts or omissions committed in their representative capacities.

H. **<u>Resignation of Receiver</u>**:

1.      If and when judicial or non-judicial foreclosure proceedings against the entire Receivership Estate shall have been consummated, or upon the sale of the entire Real Property pursuant to a further order or orders of this court, or upon payment of the Loan in full, and without further order of this Court, the Receiver shall within 30 days of such occurrence move the Court to be discharged and relieved from this Order and shall render a final report to the Court, to Plaintiff and to Borrowers concerning the operations of Borrowers' Assets. The parties shall file any objections to the motion and report within fifteen (15) days of the filing of such documents. This Court expressly retains continuing jurisdiction over this receivership until after the rendition of the final report by the Receiver and the entry of an order discharging the Receiver.

2.      Without limiting the foregoing, Plaintiff and the Receiver have the right to seek the termination of the Receiver upon written request to the Court, without filing a motion, which shall be effective when so-ordered by the Court. Upon the Court so-ordering such a request, the Receiver shall within 45 days render a final report to the Court, to Plaintiff and to Borrowers concerning the operations of Borrowers' Assets.  The parties shall file any objections to the motion and report within fifteen (15) days of the filing of such documents.

3.      The Receiver may unilaterally resign his receivership by giving thirty (30) days advance written notice to this Court, counsel of record for Plaintiff, and to Plaintiff. Upon providing such notice and after approval by this Court of an accounting of the Receiver's duties hereunder and the funds held pursuant hereto, the Receiver shall be released and discharged from further obligations hereunder. The Receiver may be removed upon order of the Court acting *sua sponte* or for good cause by motion made by any interested party and after notice and a hearing.

**I.** **Access to Books, Records and Accounts and Freeze of Receivership Assets:**

1.       All persons and entities with direct or indirect control over the assets within the Receivership Estate, other than the Receiver, are hereby restrained and enjoined from directly or indirectly transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating, or otherwise disposing of, or withdrawing, assets of the Receivership Estate.  All financial institutions of Defendant are directed to turn over to the Receiver any and all proceeds held in Borrowers' accounts pertaining to the Receivership Estate.

2.       The Receiver is authorized to take immediate possession, wherever stored and however maintained, of any and all accounts, including financial accounts, lockboxes, security deposits, books and records, electronically stored information, passcodes, intellectual property, including, without limitation, website data, website URLs, digital assets, and social media accounts, as well as all unexpired licenses and permits, and all other documents or instruments relating to the Receivership Estate.  For the avoidance of doubt, this provision shall not apply to any escrow, reserve, cash management, or similar accounts in the possession or control of Lender.

3.       Any persons receiving notice of this Order by personal service, electronic mail, facsimile transmission, or otherwise, having possession, wherever stored and however maintained, of the property, business, books, records, accounts, lockboxes, security deposits, electronically stored information, passcodes, intellectual property, including, without limitation, website data, website URLs, digital assets, and social media accounts, unexpired licenses and permits, or assets of the Receivership Estate are directed to deliver same to the Receiver, his agents, his attorneys and/or his employees within three (3) business days of receipt of such notice.  For the avoidance of doubt, this provision shall not apply to any escrow, reserve, cash management, or similar accounts in the possession or control of Plaintiff.

4.      All banks, cryptocurrency exchanges, clearing firms, brokerage firms, financial institutions, and other persons or entities which have possession, custody or control, wherever stored and however maintained, of any assets, lockboxes, security deposits, equipment, inventory, parts, or financing relating to the foregoing, monies, cryptocurrencies, funds or accounts held by, in the name of, or for the benefit of, directly or indirectly, the Receivership Estate (other than any escrow, reserve, cash management, or similar accounts in the possession or control of Plaintiff), that receive actual notice of this Order by personal service, electronic mail, facsimile transmission or otherwise shall:

      i.  Not liquidate, transfer, sell, convey or otherwise transfer any assets, lockboxes, security deposits, equipment, inventory, parts, or financing relating to the foregoing, monies, cryptocurrencies, funds, and/or accounts in the name of the Receivership Estate or for the benefit of their respective creditors, except upon instructions from the Receiver;

     ii.  Not exercise any form of set-off, alleged set-off, recoupment, lien, or any form of self-help whatsoever, or refuse to transfer any assets, lockboxes, security deposits, equipment, inventory, parts, or financing relating to the foregoing, monies, cryptocurrencies, funds, and/or accounts to the Receiver's control without the permission of this Court; and

    iii.  Cooperate expeditiously in providing information and assets, lockboxes, security deposits, equipment, inventory, parts, or financing relating to the foregoing, monies, cryptocurrencies, funds, and/or accounts to the Receiver or at the direction of the Receiver.

5.      Borrowers shall promptly make available at the Receivership Estate, or deliver to the Receiver, all of the books, records, documents, papers, and insurance information of Borrowers relating to the management, operation, and maintenance of the Receivership Estate, which is in the possession or subject to the control of such parties, wherever stored and however maintained. Borrowers shall provide Receiver with their federal employment identification numbers for the Receiver's use on a limited basis as necessary.

**J.  <u>Borrowers' Duties</u>:**

1.     Borrowers shall reasonably cooperate with and assist the Receiver in the performance of the Receiver's duties. This cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercising his authority and discharging his responsibilities under this Order in as timely of a manner as practical.

2.     Borrowers shall turn over to the Receiver all monies collected by Defendant or its agents from the Receivership Estate, including but not limited to, rents, income, and security deposits that remain in their possession or control. Borrowers authorized to retain copies of all documents delivered or made available to the Receiver, however, all such copies that Borrowers wishes to retain shall be made at their sole expense.

3.     Borrowers shall reasonably cooperate with the Receiver in the discharge of his duties hereunder and shall take all reasonable steps necessary to comply with this Order and other orders of the Court as well as all applicable laws and/or rules and, absent further order of the Court, is prohibited from interfering with the use, management, possession and control of the Receivership Estate by the Receiver, and from in any way, manner or means wasting, disposing of, transferring, selling, assigning, pledging, canceling, concealing, interfering with, or hypothecating any of the assets of the Receivership Estate or Borrowers' books and records, wherever stored and however maintained.

4.     Borrowers and their employees are prohibited from removing any personal property from the Receivership Estate or diverting any income therefrom, and the Receiver is hereby granted the right to open and review all mail directed to Borrowers or their representatives pertaining to the Receivership Estate.

5.      Borrowers, their officers, directors, employees, partners, representatives, and agents, and all persons receiving notice of this Order by personal service, electronic mail, facsimile transmission or otherwise, are restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written consent of the Receiver, which would:

    i.  Interfere with the Receiver's efforts to take control, possession, or management of any of the Receivership Estate's property; such prohibited actions include, but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any of the Receivership Estate's property;

    ii.  Hinder, obstruct or otherwise interfere with the Receiver in the performance of his duties; such prohibited actions include, but are not limited to, concealing, destroying or altering records or information;

    iii.  Dissipate or otherwise diminish the value of any of the Receivership Estate's property; such prohibited actions include, but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying any of the Receivership Estate's property, enforcing judgments, assessments or claims against the Receivership Estate or its property, attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by the Borrowers or the Receivership Estate or which otherwise affects any of its property; provided, that the foregoing shall not limit any person or entity that is a party to a current and valid written contract with a Defendant from exercising such party's rights under such contract;

    iv.  Dissipate, withdraw, transfer, remove, dispose or conceal any cash, cashier's checks, funds, assets or other property of, or within the custody, control or actual or constructive possession of the Receivership Estate, including, but not limited to, all funds, personal property, equipment, inventory, parts, or financing relating to the foregoing, monies, funds, cryptocurrencies, or securities held in the Receivership Estate's name, jointly or individually, whether held or maintained in safety deposit box, or cryptocurrency exchange, clearing firm, brokerage firm, or other financial institution, bank, or savings and loan accounts that are under the actual or constructive control, or in the name of the Borrowers or the Receivership Estate, jointly or individually, including, without limitation, funds or

property of the Borrowers or the Receivership Estate's creditors, wherever located ("constructive possession" and "constructive control" being defined as the person or entity who has actual possession or control of the asset is not an agent or employee of Borrowers and such person or entity has a legal duty to Borrowers, and therefore to Receiver, to preserve and protect property of the Receivership Estate);

v.  Destroy, mutilate, conceal, alter or dispose of, in any manner, any of the books and records, documents, correspondence, brochures, manuals, electronically stored data, tapes, or other property of the Borrowers or the Receivership Estate or of any entities constituting the Receivership Estate wherever located; or

vi.  Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estate.

**K. <u>Third Party Obligations</u>:**

1.  All parties, including, without limitation, all tenants of the Receivership Estate, are directed to make all rental payments directly to the Receiver.

2.  Any security or other deposits, which tenants have paid to Borrowers or their agents and which were not paid to the Receiver and over which the Receiver has no control, shall remain obligations of the Borrowers. Any other security deposits or other deposits which tenants have paid or may pay to the Receiver shall be refundable by the Receiver in accordance with the terms of the leases or agreements, or turned over to a subsequent property owner or returned to the Borrowers and credited to the account of the tenant that originally posted the security.

3.  Financial institutions and other third parties in possession of funds belonging to the Borrowers and pertaining to or arising from the Receivership Estate shall immediately release such funds to the Receiver.  For the avoidance of doubt, this provision shall not apply to any escrow, reserve, cash management, or similar accounts in the possession or control of Lender.

4.  The Receiver shall not be responsible for payment of any expenses (including, without limitation, for services, build-outs, or any other construction), utility bills (including

without limitation, electricity, gas, water, sewage, garbage, television/cable and telephone) and unpaid payroll expenses incurred by, or for the benefit of, the Real Property prior to the Receiver's taking possession of the Real Property.  Borrowers shall request that all utilities companies and other providers of utility services, including without limitation, electricity, gas, water, sewage, garbage, television/cable and telephone not discontinue any services being provided to the Real Property. Each utility company or entity providing service to the Real Property is authorized to forthwith transfer any deposits which it holds in connection with the Real Property to the exclusive control of Receiver. The Receiver is authorized to open new customer accounts with each utility that provides services to the Real Property, or require Borrowers to name Receiver as an authorized user of any of the existing utility accounts for the Real Property. Nothing herein shall preclude the Receiver from making payment of one or more expenses incurred by Borrowers prior to the appointment of a Receiver should he deem it necessary or advisable to do so.

L. **Plaintiff's Duties**:

1.    Plaintiff may, in its sole and absolute discretion, advance funds for purposes of funding the Receivership Estate, including, if necessary, make advances for payment of the following expenses in aid of the Receiver:

     i.    Utilities for the Receivership Estate, including gas, electric, telephone and water;

    ii.    Security for the Receivership Estate;

   iii.    Insurance for the Receivership Estate;

   iv.    Taxes of any kind or nature accruing after the receivership and required to be paid on the Receivership Estate by the statutes of the United States or any state political subdivision or any governmental agency;

    v.    Fees and expenses for the Receiver and his Professionals, as set forth in paragraph 10 hereof;

vi.   Such other expenses the Receiver believes are necessary to maintain and preserve the Receivership Estate; and

vii.  Such other expenses deemed necessary by the Court.

2.    At any point in time during the Receivership, should Plaintiff elect not to advance funds necessary to fully and adequately finance the Receivership Estate, the Receiver may immediately resign his position as Receiver upon five (5) business days' written notice to Plaintiff. In no event shall Receiver be required to advance funds on behalf of the Receivership Estate.

3.    Any and all amounts advanced by Receiver shall become expenses of administration of the Receivership, shall be reimbursable directly to Plaintiff, shall constitute obligations of the Borrowers to the extent provided under the Loan Documents (subject to the rights of Borrowers to object thereto and contest liability for such amounts), and shall be secured by a first-priority lien on the Receivership Estate.

4.    Plaintiff's request for this Receivership, the taking of any action in conformity with this Receivership, or the acceptance of any payments pursuant to this Receivership, shall not in any way constitute a release by Plaintiff or any other creditor. Plaintiff shall be entitled to all of the remedies available to it prior to the institution of this Receivership proceeding. Nothing herein shall in any way constitute or be construed as a waiver of any other remedy which Plaintiff or any other creditor may have, a waiver of collateral, a waiver of priority, a consent to substitution of collateral, or an election of remedies.

5.    Nothing in this Order shall be read or interpreted as requiring Plaintiff to continue to extend credit to Borrowers and Plaintiff shall continue to have all rights and remedies to which it is entitled under its agreements with Defendant and pursuant to applicable law, subject to the terms of this Order.

**M. Bankruptcy**

1.      In the event that a bankruptcy case is filed by any Defendant during the pendency of the receivership created by this Order, Borrowers must give notice of same to this Court, to all parties, and to the Receiver, within 24 hours of the bankruptcy filing.

2.      During the pendency of a bankruptcy proceeding and prior to adjudication of any motion pursuant to 11 U.S.C. § 543(a), the Receiver's authority to preserve the Receivership Estate is limited as follows: The Receiver may continue to collect rents, issues, and profits. The Receiver may make disbursements, but only those which are necessary to preserve and protect the Receivership Estate. The Receiver shall not execute any new leases or other long-term contracts. The Receiver shall do nothing that would effect a material change in circumstances of the Receivership Estate.

3.      The Receiver is authorized to retain legal counsel to assist the Receiver with the bankruptcy proceedings.

**N.  Notice to Receiver**

All notices in this proceeding shall also be sent to the Receiver as follows:

> Riveron
> 401 S. Old Woodward Avenue, Suite 340
> Birmingham, Michigan 48009
> Attn:  Matthew D. Mason
> Matthew.Mason@riveron.com

**IT IS SO ORDERED.**

_____    09/22/2023
Date

_____
VALERIE CAPRONI
United States District Judge